IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BENJAMIN PAEZ,<br><br>Plaintiff,<br><br>vs.<br><br>M. J. NUTSCH, NSP Troop E. Badge # 321,<br><br>Defendant. | 4:20CV3108<br><br><br>**MEMORANDUM<br>AND ORDER** |

     Plaintiff, a state prisoner, filed his pro se Complaint on September 14, 2020. (Filing 1.) Plaintiff was granted leave to proceed in forma pauperis on November 3, 2020. (Filing 10.) Now that Plaintiff has paid the required initial partial filing fee, the court conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

     Plaintiff alleges Defendant, a Nebraska State Patrol Trooper, conducted an unlawful search of Plaintiff's vehicle and person—including a roadside visual body cavity search—and unlawfully seized Plaintiff's cell phone during a 2-hour traffic stop on May 27, 2020. Plaintiff also claims he is a victim of racial profiling. No arrest was made, but Plaintiff was cited for speeding and possession of less than one ounce of marijuana. Plaintiff alleges those charges were later dropped.

## II. STANDARDS ON INITIAL REVIEW

     The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See*

*also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS OF COMPLAINT

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983 to recover damages for alleged violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

"A plaintiff may assert § 1983 claims against a public official acting in his individual capacity and in his official capacity. For many reasons, including exposure to individual damage liability and the State's Eleventh Amendment immunity, these are different causes of action." *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). "Because section 1983 liability exposes public servants to civil liability and damages, [the Eighth Circuit] ha[s] held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citations omitted); *see Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989) ("As a judgment against a public servant in his individual capacity exposes him or her to compensatory and punitive damages, we have repeatedly stated that section 1983 litigants wishing to sue government agents in both capacities should simply use the following language: 'Plaintiff sues each and all defendants in both their individual and official capacities.'" (quoting *Rollins by Agosta v. Farmer,* 731 F.2d 533, 536 n. 3 (8th Cir. 1984)); *Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims."); *Artis v. Francis Howell N. Band Booster Ass'n, Inc.,* 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity."); *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("If a complaint is silent, or only hints at the capacity in which a state officer is sued for monetary damages, the complaint should be interpreted as an official-capacity claim. In actions against officers, specific pleading of individual capacity is required to put public officials on notice that they will be exposed to personal liability." (citations omitted)).

Here, Plaintiff does not specify that Defendant is being sued in his individual capacity. Plaintiff does state in his Complaint that "[t]he trooper and agencecy [*sic*] should be held accountable" (Filing 1 at 6), and that he seeks to "[h]old the Officer and agency accountable for [his] trauma and mental abuse" (Filing 1 at 8), but these statements are not clear enough under Eighth Circuit precedent to give Defendant notice that he may be personally liable for damages. "*Nix* requires that a plaintiff's

3

complaint contain a clear statement of her wish to sue defendants in their personal capacities." *Egerdahl*, 72 F.3d at 620 (referring to defendants by name rather than by official position not sufficient notice). "A 'cryptic hint' in plaintiff's complaint is not sufficient." *Baker*, 501 F.3d at 924 (quoting *Egerdahl*, 72 F.3d at 620, and holding that complaint's references to "individual Defendants" and request for exemplary damages, which may not be recovered in an official-capacity suit, were not sufficient notice). Thus, Plaintiff's Complaint will be construed as alleging only an official-capacity claim against Defendant, which, in effect, is a claim brought against the Nebraska State Patrol.

The Nebraska State Patrol is a department of the State of Nebraska. *See* Neb. Rev. Stat. § 81-2001; *Steckelberg v. Rice*, 184 F. Supp. 3d 746, 754 n. 4 (D. Neb. 2016), *aff'd*, 878 F.3d 630 (8th Cir. 2017). The Eleventh Amendment bars claims for damages that are brought in federal court by private parties against a state, a state instrumentality, or a state employee who is sued in his or her official capacity. *Webb v. Nebraska*, No. 8:19CV416, 2019 WL 5684393, at *4 (D. Neb. Nov. 1, 2019) (citing *Egerdahl*, 72 F.3d at 619; *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995)). In addition, States or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989).

Plaintiff's § 1983 claims alleged against Defendant in his official capacity will therefore be dismissed with prejudice. *See Tex. Cmty. Bank, N.A. v. Mo. Dep't of Soc. Servs., Div. of Med. Servs.*, 232 F.3d 942, 943 (8th Cir. 2000) (where Eleventh Amendment barred suit, state agency was entitled to dismissal with prejudice); *Warren v. Fort Dodge Corr. Facility*, 372 F. App'x 685 (8th Cir. 2010) (modifying dismissal to be with prejudice). However, the court on its own motion will give Plaintiff 30 days to file an amended complaint against Defendant in his individual capacity only. In anticipation of such filing, the court will briefly review the allegations of Plaintiff's Complaint and discuss pleading requirements.

Plaintiff claims his "civil rights were violated by being stripped [*sic*] searched on the side of the highway without a warrant …." (Filing 1 at 7.) The facts alleged in the Complaint (Filing 1 at 5-6) are sufficient to support this claim, which arises under the Fourth Amendment.

4

The Fourth Amendment guarantees that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "Searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *United States v. Vore,* 743 F.3d 1175, 1179 (8th Cir. 2014) (quoting *Katz v. United States,* 389 U.S. 347, 357 (1967)).

In the Eighth Circuit, a plaintiff has the burden of proof in a § 1983 action claiming a Fourth Amendment violation for a warrantless search. *Der v. Connolly*, 666 F.3d 1120, 1127 (8th Cir. 2012). However, the defendant has the burden of producing evidence that an exception to the warrant requirement applies.

> As the Seventh Circuit explained, "[e]ven if a presumption of unreasonableness arises from the fact of a warrantless search [or entry], that does not serve in a civil case to shift 'the burden of proof in the sense of the risk of nonpersuasion.'" *Valance* [*v. Wisel,* 110 F.3d 1269, 1279 (7th Cir. 1997)] (quoting Fed. R. Evid. 301). Instead, such "presumption merely serves to impose on the defendant 'the burden of going forward with evidence to meet or rebut the presumption.'" *Id.* (quoting Fed. R. Evid. 301). A defendant may satisfy this burden of production by "produc[ing] evidence of consent or of some other recognized exception to the warrant requirement." *Id.* at 1278. "Yet once the defendant has done so, 'the ultimate risk of nonpersuasion must remain squarely on the plaintiff in accordance with established principles governing civil trials.'" *Id.* (quoting *Ruggiero* [*v. Krzeminski,* 928 F.2d 558, 563 (2d Cir. 1991))].

*Id.*, at 1128. "A plaintiff claiming that her Fourth Amendment rights were violated by a warrantless [search or] entry need not plead facts affirmatively showing the absence of any exception to the warrant requirement, because the absence of such an exception is not a part of the plaintiff's prima facie case." *Payne v. Galie*, 574 F. App'x 26, 27 (2d Cir. 2014) (citing *Ruggiero*, 928 F.2d at 563).

Plaintiff specifically alleges that his person was searched without a warrant. In addition, Plaintiff has alleged facts showing that the search was conducted in an unreasonable manner, as he was made to "pull down [his] pants by the side of the

5

road and show [his] scrotum and body cavity area" to Defendant. (Filing 1 at 5.) This strip search allegedly was conducted in front of Plaintiff's mother and a close family friend, and in full view of passing traffic on a busy highway. (*Ibid.*)

"In determining reasonableness, courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *United States v. Williams*, 477 F.3d 974, 975 (8th Cir. 2007). To comport with the Fourth Amendment, "strip searches should be conducted in an area as removed from public view as possible without compromising legitimate security concerns," and "not in a degrading, humiliating or abusive fashion." *Richmond v. City of Brooklyn Center*, 490 F.3d 1002, 1008 (8th Cir. 2007); *see also Robinson v. Hawkins*, 937 F.3d 1128, 1137-38 (8th Cir. 2019) ("We have long prohibited officers from unduly invading personal rights during a strip search.").

"A traffic stop for a suspected violation of law is a 'seizure' of the occupants of the vehicle and therefore must be conducted in accordance with the Fourth Amendment." *Heien v. North Carolina*, 574 U.S. 54, 60 (2014). "[T]he Fourth Amendment permits an officer to initiate a brief investigative traffic stop when he has 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" *Kansas v. Glover*, 140 S. Ct. 1183, 1187 (2020) (quoting *United States v. Cortez*, 449 U.S. 411, 417-18 (1981)). "A seizure for a traffic violation justifies a police investigation of that violation." *Rodriguez v. United States*, 575 U.S. 348, 354 (2015).

While Plaintiff admits he "was travling [*sic*] at a higher rate of speed because [he] was trying to get [his] mother medical attention," he complains that "[a]s soon as the trooper approached my vehicle he asked if [I] had drugs in … my [possession] and ... I was detained for approx. 2 hours." (Filing 1 at 5.) Plaintiff alleges that after he handed over his license and registration, Defendant "asked me if [I] had been smoking marijuana[. I] said no. [H]e asked me to step out of my vehicle …. He made me get out of my car[,] patted me down and made me sit in the back of the police cruiser…. He told me … he was aware of who [I] was and that he felt that … [I] was running drugs on his highways. He then made my sick mother and her best friend stand approx. 25 yards [off] the highway in a culvert in knee high weeds. While

6

searching my vehicle he stops[,] comes to the police cruiser and states we have … some things to discuss. I asked if I was under arrest[. He] stated not at this time but that while he was searching my car [I] had [received] a text saying [something] about drug transactions…. [H]e said that at that point he has probable cause to search and [seize] my phone." (*Ibid.*)

As already discussed, Plaintiff is not required to plead facts affirmatively showing the absence of any exception to the warrant requirement. But, conversely, if the facts pleaded by Plaintiff show that an exception does apply, then a plausible Fourth Amendment claim has not been stated. Plaintiff's admission that he was traveling "at a higher rate of speed" is evidence that Defendant acted reasonably in pulling Plaintiff's vehicle over, even if the speeding ticket was later dismissed.

"Because addressing the infraction is the purpose of the stop, it may 'last no longer than is necessary to effectuate th[at] purpose.'" *Rodriguez*, 575 U.S. at 354 (quoting *Florida v. Royer*, 460 U.S. 491, 500 (1983)). "Authority for the seizure thus ends when tasks tied to the traffic infraction are—or reasonably should have been—completed." *Id.* "[T]he Fourth Amendment tolerate[s] certain unrelated investigations that [do] not lengthen the roadside detention. *Id.* (citing *Arizona v. Johnson*, 555 U.S. 323, 327-28 (2009); *Illinois v. Caballes*, 543 U.S. 405, 406 (2005)). However, a traffic stop "can become unlawful if it is prolonged beyond the time reasonably required to complete th[e] mission' of issuing a … ticket." *Id.* at 354-55 (quoting *Caballes*, 543 U.S., at 407). The seizure remains lawful only "so long as [unrelated] inquiries do not measurably extend the duration of the stop." *Id.* at 355 (quoting *Johnson*, 555 U.S., at 333). Liberally construing Plaintiff's allegations, he is claiming Defendant unreasonably prolonged the traffic stop in order to conduct a drug investigation, in violation of the Fourth Amendment.

"[O]nce a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures." *Johnson*, 555 U.S. at 331 (quoting *Pennsylvania v. Mimms,* 434 U.S. 106, 111 n. 6 (1977) (per curiam)). This rule also applies to passengers. *Id.* (citing *Maryland v. Wilson,* 519 U.S. 408, 415 (1997)). However, "[t]o justify a patdown of the driver or a passenger during a traffic stop, … the police must harbor reasonable suspicion that the person

7

subjected to the frisk is armed and dangerous. *Id*. at 327. Because the facts alleged by Plaintiff do not show Defendant had reason to believe Plaintiff was armed and dangerous, the patdown search is presumptively unlawful.

Similarly, the facts alleged in Plaintiff's Complaint do not show that any recognized exception to the warrant requirement for a vehicle search is applicable here. For instance, the automobile exception permits the warrantless search of a vehicle if police "had probable cause to believe the vehicle contained contraband or other evidence of a crime before the search began." *Vore,* 743 F.3d at 1179 (quoting *United States v. Wells,* 347 F.3d 280, 287 (8th Cir. 2003)). Plaintiff's allegations do not show there was probable cause for the search.

Nor do the facts alleged in Plaintiff's Complaint show that the warrantless seizure of his cell phone was lawful. The seizure was not made incident to an arrest, *see e.g.*, *Riley v. California*, 573 U.S. 373, 388, (2014); rather, the phone allegedly was seized after Defendant viewed an incoming text message during his search of Plaintiff's vehicle. Plaintiff alleges he refused Defendant's request to unlock the phone, which had already been confiscated.

Plaintiff alleges that after being asked to step out of the vehicle, he told Defendant he felt like he was being racially profiled because of the appearance of his vehicle, a 2006 Chevy Impala Super Sport with twenty-two inch chrome wheels and a custom paint job. (Filing 1 at 5.) Plaintiff also alleges he "feel[s] that if [he] wasn't a Latino [he] wouldn[']t have been subjected to such behaviors and a lack of professionality by an agency that [he] held in such high regard." (*Ibid*.) Plaintiff "felt that [he] had been subjected to radical racial profiling, …." (*Ibid.* at 6.)

"[T]he Constitution prohibits selective enforcement of the law based on considerations such as race. But the constitutional basis for objecting to intentionally discriminatory application of laws is the Equal Protection Clause, not the Fourth Amendment." *Whren v. United States,* 517 U.S. 806, 813 (1996). A Fourteenth Amendment equal protection claim based on a traffic stop "does not require proof that [Plaintiff] was stopped without probable cause or reasonable suspicion to believe [he] committed a traffic violation. But [he] must prove that [Defendant] exercised his discretion to enforce the traffic laws on account of [his] race, which

8

requires proof of both discriminatory effect and discriminatory purpose." *Johnson v. Crooks*, 326 F.3d 995, 999-1000 (8th Cir. 2003) (citing *United States v. Armstrong,* 517 U.S. 456, 465 (1996)). "When the claim is selective enforcement of the traffic laws or a racially-motivated arrest, the plaintiff must normally prove that similarly situated individuals were not stopped or arrested in order to show the requisite discriminatory effect and purpose." *Id*. at 1000. It may also be possible to prove such an equal protection claim with direct evidence of racial discrimination. *Id.* (assuming without deciding). Claims that searches or other types of seizures were conducted in violation of the Equal Protection Clause will also require proof of both discriminatory effect and discriminatory purpose.

In the context of employment discrimination claims, at least, the Supreme Court has "negated any need to plead a prima facie case." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002). If that same rule applies to equal protection claims involving searches and seizures, then Plaintiff is not required to allege that similarly situated, non-Hispanic individuals were treated differently. *See, e.g.*, *Shqeirat v. U.S. Airways Grp., Inc.*, 515 F. Supp. 2d 984, 996 (D. Minn. 2007) (complaint alleging plaintiffs were arrested without probable cause because of their race and religion was sufficient under *Swierkiewicz*). However, the plausibility pleading standard under *Twombly* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Blomker*, 831 F.3d at 1056 (quoting *Twombly*, 550 U.S. at 570). "[E]lements of the prima facie case are not irrelevant to a plausibility determination in a discrimination suit" and "are part of the background against which a plausibility determination should be made." *Id.* (citations and internal marks omitted). "While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotations and citations omitted).

Plaintiff's allegations that he "felt" there was racial profiling are not sufficient under the *Twombly* pleading standard. For a complaint to state a facially plausible claim, the factual allegations must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A plaintiff satisfies the plausibility requirement when he "pleads factual content that allows the court to draw the

9

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This standard requires the plaintiff to allege "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Finally, Plaintiff has requested that he be appointed counsel. (Filing 1 at 8; Filing 5.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir.1996), the Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel.... The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel...." *Id.* (quotation and citation omitted). No such benefit is apparent here. The request for the appointment of counsel is therefore denied without prejudice.

## IV. CONCLUSION

Because Plaintiff has not specified that Defendant is sued in his individual capacity, Plaintiff's Complaint is subject to preservice dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. An action cannot be maintained against Defendant in his official capacity under 42 U.S.C. § 1983. However, the court on its own motion will give Plaintiff 30 days to file an amended complaint in which Defendant is sued in his individual capacity only. Plaintiff's request to appoint counsel is denied.

IT IS THEREFORE ORDERED:

1. All § 1983 claims alleged against Defendant in his official capacity are dismissed with prejudice.

2. Plaintiff shall have 30 days to file an amended complaint against Defendant in his individual capacity only. Failure to file an amended complaint within the time specified by the court will result in the court entering a final judgment of dismissal with prejudice, and closing this case, without further notice to Plaintiff.

3. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4. The court reserves the right to conduct further review of Plaintiff's claims in the event he files an amended complaint.

5. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **March 22, 2021—amended complaint due.**

6. Plaintiff's motion to appoint counsel (Filing 5) is denied without prejudice to reassertion.

7. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 18th day of February, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge