# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BENJAMIN PAEZ,<br><br>Plaintiff,<br><br>vs.<br><br>M. J. NUTSCH, NSP Troop E. Badge # 321,<br><br>Defendant. | 4:20CV3108<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a state prisoner, filed his pro se Complaint on September 14, 2020, and subsequently was granted leave to proceed in forma pauperis. Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the court conducted an initial review of Plaintiff's Complaint and, in a Memorandum and Order filed on February 18, 2021 (Filing 14), determined that it fails to state a claim upon which relief may be granted. However, the court on its own motion gave Plaintiff leave to file an amended complaint, which was accomplished in a timely manner on May 24, 2021.[1] The court will now conduct an initial review of the Amended Complaint (Filing 17).

## I. SUMMARY OF AMENDED COMPLAINT

Plaintiff alleges Defendant, a Nebraska State Patrol Trooper, conducted an unlawful search of Plaintiff's vehicle and person—including a roadside strip search—and unlawfully seized Plaintiff's cell phone during a 2-hour traffic stop on May 27, 2020. No arrest was made, but Plaintiff was issued a citation, which was later dismissed. Plaintiff requests an award of damages.

---

[1] Under the prison mailbox rule, a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline." *United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006). The mailing envelope for the Amended Complaint is postmarked May 21, 2021.

## II. STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

III. ANALYSIS OF AMENDED COMPLAINT

Liberally construing Plaintiff's Amended Complaint,[2] this is a civil rights action brought under 42 U.S.C. § 1983 to recover damages for alleged violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges "Defendant is being sued in his Individual Capacity as an employee of the Nebraska State Patrol." (Filing 17, p. 1.) Plaintiff does not purport to make a claim against the Nebraska State Patrol, which has Eleventh Amendment immunity.[3]

The Fourth Amendment, which is made applicable to states by the Fourteenth Amendment, guarantees that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated …." U.S. Const. amend. IV. "A traffic stop for a suspected violation of law is a 'seizure' of the occupants of the vehicle and therefore must be conducted in accordance with the Fourth Amendment." *Heien v. North Carolina*, 574 U.S. 54, 60 (2014). "[T]he Fourth Amendment permits an officer to initiate a brief investigative traffic stop when he has 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" *Kansas v. Glover*, 140 S. Ct. 1183, 1187 (2020) (quoting *United States v. Cortez*, 449 U.S. 411, 417-18 (1981)). "A seizure for a traffic violation justifies a police investigation of that violation." *Rodriguez v. United States*, 575 U.S. 348, 354 (2015).

---

[2] As stated in the court's order authorizing its filing, the Amended Complaint will be treated as a superseding pleading, not a supplemental pleading.

[3] In his original Complaint, Plaintiff did not specify that Defendant was sued in his individual capacity, so the pleading was construed as alleging only official-capacity claims. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (express statement required to give notice of individual-capacity claim).

Plaintiff admits he "was traveling at a high rate of speed to get [his] mom to medical attention" before being pulled over by Defendant. (Filing 17, p. 2.) It is alleged that Defendant asked Plaintiff "if [he] knew that [he] was speeding," told Plaintiff "not to worry" about his mother, and asked Plaintiff if he "was smoking or had drugs," which Plaintiff denied. Defendant allegedly "then placed [Plaintiff] in [Defendant's] car and began searching [Plaintiff's] car while making [Plaintiff's] sick mother and her friend [who was also a passenger in Plaintiff's vehicle] stand in knee high weeds 25 yards of[f] the highway in a culvert." (Filing 17, p. 3.) Plaintiff further alleges:

> While searching my car he came back to the vehicle I had been detained in. Said we have some things to discuss. I asked if I was under arrest. He stated not at this time but that while he was searching my car due to a traffic stop he seen that my cell phone that I had left in my car received a text about drugs. He told me that now we have problems. I said, sir, I cannot control who texts what. He said at that moment my phone was being seized due to the text I received. He then went back to my car, continued searching and found nothing other than a small roach on the floorboard. I was detained for approximately 2 hours. When he was done with searching my car, he came back to the cop car I was detained in. Said that he spoke with the wing unit, which is the narcotics drug task force from Scottsbluff Neb., and that he spoke with an agent he identified as Matt Dodge, … [who] said that I'm known for carrying drugs or narcotics in my genital or anal cavity. He then instructed me to pull down my pants in public in full public [view] during the day as cars drove by. I did what I was told to because I was afraid of what he would and could do. He told me that he believed I was moving drugs on his highway…. When he had me in his cop car, he asked me to unlock my phone. I asked him if it was seized at that moment. He said yes, so I denied and refused to unlock my phone even after he threatened that no matter what he would get in my phone. I was let go with a citation that was dismissed at a later time and my phone is still being held by the [Nebraska State Patrol].

(Filing 17, pp. 4-5 (lightly edited).)

4

Plaintiff's admission that he was traveling "at a high rate of speed" is evidence that Defendant acted reasonably in pulling Plaintiff's vehicle over, even if the speeding ticket was later dismissed. "[O]nce a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures." *Johnson*, 555 U.S. at 331 (quoting *Pennsylvania v. Mimms,* 434 U.S. 106, 111 n. 6 (1977) (per curiam)). This rule also applies to passengers. *Id.* (citing *Maryland v. Wilson,* 519 U.S. 408, 415 (1997)).

"Because addressing the infraction is the purpose of the stop, it may 'last no longer than is necessary to effectuate th[at] purpose.'" *Rodriguez*, 575 U.S. at 354 (quoting *Florida v. Royer*, 460 U.S. 491, 500 (1983)). "Authority for the seizure thus ends when tasks tied to the traffic infraction are—or reasonably should have been—completed." *Id.* "[T]he Fourth Amendment tolerate[s] certain unrelated investigations that [do] not lengthen the roadside detention. *Id.* (citing *Arizona v. Johnson*, 555 U.S. 323, 327-28 (2009); *Illinois v. Caballes*, 543 U.S. 405, 406 (2005)). However, a traffic stop "can become unlawful if it is prolonged beyond the time reasonably required to complete th[e] mission' of issuing a … ticket." *Id.* at 354-55 (quoting *Caballes*, 543 U.S., at 407). The seizure remains lawful only "so long as [unrelated] inquiries do not measurably extend the duration of the stop." *Id.* at 355 (quoting *Johnson*, 555 U.S., at 333). Liberally construing Plaintiff's allegations, he is claiming Defendant unreasonably prolonged the traffic stop in order to conduct a drug investigation, in violation of the Fourth Amendment.

"Searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *United States v. Vore,* 743 F.3d 1175, 1179 (8th Cir. 2014) (quoting *Katz v. United States,* 389 U.S. 347, 357 (1967)). In the Eighth Circuit, a plaintiff has the burden of proof in a § 1983 action claiming a Fourth Amendment violation for a warrantless search. *Der v. Connolly*, 666 F.3d 1120, 1127 (8th Cir. 2012). However, the defendant has the burden of producing evidence that an exception to the warrant requirement applies.

> As the Seventh Circuit explained, "[e]ven if a presumption of unreasonableness arises from the fact of a warrantless search [or entry],

5

> that does not serve in a civil case to shift 'the burden of proof in the sense of the risk of nonpersuasion.'" *Valance* [*v. Wisel,* 110 F.3d 1269, 1279 (7th Cir. 1997)] (quoting Fed. R. Evid. 301). Instead, such "presumption merely serves to impose on the defendant 'the burden of going forward with evidence to meet or rebut the presumption.'" *Id.* (quoting Fed. R. Evid. 301). A defendant may satisfy this burden of production by "produc[ing] evidence of consent or of some other recognized exception to the warrant requirement." *Id.* at 1278. "Yet once the defendant has done so, 'the ultimate risk of nonpersuasion must remain squarely on the plaintiff in accordance with established principles governing civil trials.'" *Id.* (quoting *Ruggiero* [*v. Krzeminski,* 928 F.2d 558, 563 (2d Cir. 1991))].

*Id.*, at 1128. "A plaintiff claiming that her Fourth Amendment rights were violated by a warrantless [search or] entry need not plead facts affirmatively showing the absence of any exception to the warrant requirement, because the absence of such an exception is not a part of the plaintiff's prima facie case." *Payne v. Galie*, 574 F. App'x 26, 27 (2d Cir. 2014) (citing *Ruggiero*, 928 F.2d at 563).

The facts alleged in Plaintiff's Amended Complaint do not show that any recognized exception to the warrant requirement for a vehicle search is applicable here. For instance, the automobile exception permits the warrantless search of a vehicle if police "had probable cause to believe the vehicle contained contraband or other evidence of a crime before the search began." *Vore,* 743 F.3d at 1179 (quoting *United States v. Wells,* 347 F.3d 280, 287 (8th Cir. 2003)). Plaintiff's allegations do not show there was probable cause for the search.

Nor do the facts alleged in Plaintiff's Amended Complaint show that the warrantless seizure of his cell phone was lawful. The seizure was not made incident to an arrest, *see e.g.*, *Riley v. California*, 573 U.S. 373, 388, (2014); rather, the phone allegedly was seized after Defendant viewed an incoming text message during his search of Plaintiff's vehicle. Plaintiff alleges he refused Defendant's request to unlock the phone, which had already been confiscated.

Finally, Plaintiff complains that his person was searched without a warrant, and, in addition, that the search was conducted in an unreasonable manner. Plaintiff

6

alleges he was made to "pull down [his] pants and turn around in full public [view] during the day as cars drove by." (Filing 17, p. 4.)

"In determining reasonableness, courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *United States v. Williams*, 477 F.3d 974, 975 (8th Cir. 2007). To comport with the Fourth Amendment, "strip searches should be conducted in an area as removed from public view as possible without compromising legitimate security concerns," and "not in a degrading, humiliating or abusive fashion." *Richmond v. City of Brooklyn Center*, 490 F.3d 1002, 1008 (8th Cir. 2007); *see also Robinson v. Hawkins*, 937 F.3d 1128, 1137-38 (8th Cir. 2019) ("We have long prohibited officers from unduly invading personal rights during a strip search.").

In sum, the court concludes Plaintiff's Amended Complaint states a claim upon which relief may be granted against Defendant in his individual capacity. Issues include the lawfulness of the extended traffic stop, the warrantless search of Plaintiff's vehicle, the warrantless seizure of Plaintiff's cell phone, and the warrantless search of Plaintiff's person, which is alleged to have been conducted in an unreasonable manner.

## IV. REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff has renewed his request for appointment of counsel. (Filing 17, p. 6.) "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, No. 20-2560, 2021 WL 2285235, at *1 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

This is a relatively straightforward search-and-seizure case, for which there is ample legal authority. The facts are also uncomplicated, and should be readily discoverable. Potential witnesses include Plaintiff, his mother, his mother's friend, Defendant, Matt Dodge, and possibly other drug task force officers. Plaintiff has demonstrated an ability to present his claims, at least through the initial stage of the litigation. Plaintiff's pro se filings are generally well-written, and he has complied with the court's directives. Although this case ultimately may turn on resolving the dispute between Plaintiff's version of events and Defendant's version of events, as well as a credibility assessment of witnesses if the case proceeds to trial, it has not yet progressed to that stage. As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." *See Reccca*, 2021 WL 2285235, at *2 (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Having considered the factors outlined above, the renewed request for the appointment of counsel will be denied without prejudice to reassertion.

## V. REQUEST FOR DISCOVERY

Plaintiff's Amended Complaint concludes with a request that "all video from the officer's body camera and police cruiser be submitted." (Filing 17, p. 6.) As stated in General Order No. 2020-01, a copy of which was provided to Plaintiff when he filed this action:

> No discovery in pro se civil cases assigned to a district judge may take place until a progression order is entered unless the court's orders otherwise. Requests to engage in discovery before the court enters the progression order must be made by motion.

(Filing 3, ¶ 18.) A progression order will be entered by the court approximately 30 days after Defendant files an answer. (*Ibid.*, ¶ 17.)

To the extent Plaintiff is requesting permission to conduct discovery before a progression order is entered, the request will be denied because he has not made a showing that expedited discovery is needed. Also, Plaintiff must conduct discovery in accordance with the Federal Rules of Civil Procedure and this court's local rules. Motioning the court to compel production of evidence is not an acceptable first step.

8

## VI. CONCLUSION

This § 1983 action will proceed to service of process against Defendant in his individual capacity.

IT IS THEREFORE ORDERED:

1. Plaintiff's renewed request for appointment of counsel is denied without prejudice.

2. Plaintiff's request for discovery is denied without prejudice.

3. The clerk of the court is directed to obtain an address from the United States Marshals Service where Defendant M. J. Nutsch, Troop E. Badge # 321, may be served with process in his individual capacity.[4]

4. Upon obtaining the necessary address, the clerk of the court is directed to complete and issue summons for Defendant Nutsch. The clerk of the court is further directed to deliver the summons, the necessary USM-285 Form, the Amended Complaint (Filing 17), and a copy of this Memorandum and Order to the

---

[4] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory) ); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. App'x 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

Marshals Service for service of process on Defendant in his individual capacity. Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).

5. The clerk of court is directed to file under seal any document containing the personal address for Defendant.

6. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

7. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

8. The clerk of the court is directed to set the following pro se case management deadline: **September 27, 2021**: check for completion of service of process.

Dated this 28th day of June, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge