IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BENJAMIN PAEZ,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>M. J. NUTSCH, NSP Troop E. Badge # 321,<br><br>　　　　　　Defendant. | 4:20CV3108<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　　　This matter is before the court on four filings by Plaintiff.

　　　　Filing 29, which has been docketed by the clerk as a "motion for documents," contains "Plaintiff's First Set of Interrogatories" and "First Set of Requests for Production of Documents." Discovery documents are to be served directly upon the opposing party and "must not be filed until needed for trial, resolution of a motion, or on the court's order." NECivR 5.4(a). Because no exception applies, Filing 29 will be ordered stricken from the court file.

　　　　In Filing 30, Plaintiff requests the court to set a date for taking a deposition and requests an extension of time for serving interrogatories. Both requests will be denied.

　　　　The parties—not the court—are responsible for scheduling depositions and arranging for their recording. *See generally* Fed. R. Civ. P. 30. Plaintiff states the deposition will need to be taken by telephone because he is an inmate. If Defendant is unwilling to stipulate to a telephone deposition, which is not stated to be the case, Plaintiff may then seek a court order. *See* Fed. R. Civ. P. 30(b)(4).

　　　　The court established a deadline of December 8, 2021, for serving interrogatories.[1] *See id.* Plaintiff's request for an extension of time, which is dated

---

[1] In a previous Memorandum and Order, entered on December 14, 2021, the court erroneously stated that the deadline was December 15, 2021. *See* Filing 28. There is no reason to believe Plaintiff was misled by this misstatement.

December 16, 2021, does not contain a sufficient showing of good cause for the extension, *see* Fed. R. Civ. P. 16(b)(4), nor does it establish "excusable neglect" for Plaintiff's failure to request an extension prior to the deadline, *see* Fed. R. Civ. P. 6(b)(1). *See also LeFever v. Castellanos*, No. 4:20CV3066, 2021 WL 5416240, at *2 (D. Neb. Nov. 19, 2021) (discussing interplay of Rules 6 and 16).[2]

Filing 31 is labeled "Notice to Serve Subpoena" (Filing 31). Liberally construing this filing as a motion for issuance of a third-party subpoena, it will be denied because the document is not signed. *See* Fed. R. Civ. P. 11(a). Even if this technical deficiency were corrected, however, the notice does not contain all of the information that is required by the court's local rule. *See* NECivR 45.1 ("No subpoenas for production or inspection may be issued for service on a nonparty without giving the adverse party notice stating the name and address of the nonparty being subpoenaed, the documents or items to be produced or inspected, the time and place for production or inspection, and the date on which the subpoena will issue.").[3] Thus, no subpoena will issue.

Finally, in Filing 32, which is dated December 17, 2021, Plaintiff requests an extension of time for "admissions and discovery" because he only has a ten-minute window once a week to speak with a legal aide and mail is slow. As with the request for extension of time made in Filing 30, Plaintiff has not made a sufficient showing of good cause for the extension or of excusable neglect for not seeking the extension prior to the deadline established in the case progression schedule.

IT IS THEREFORE ORDERED:

1. Plaintiff's Filing 29 ("motion for documents") shall be stricken from the court file.

---

[2] The prisoner plaintiff in *LeFever* also mistakenly filed his discovery requests with the court, but they were placed in the prison mailbox system prior to expiration of the service deadline.

[3] Neither the notice nor an opposing party's objections are normally filed with the court. *See Novascone v. Daniel Danaher, P.A., N.D.C.S.*, No. 8:19CV201, 2021 WL 2711189, at *2 n. 2 (D. Neb. July 1, 2021); *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp., LLC*, No. 8:10CV187, 2018 WL 5980973, at *5 n.3 (D. Neb. Nov. 14, 2018).

2. Plaintiff's Filing 30 ("motion to set date for deposition") is denied in all respects.

3. Plaintiff's Filing 31 ("notice to serve subpoena"), treated as a motion, is denied.

4. Plaintiff's Filing 32 ("motion for extension of deadline for admission and discovery") is denied.

Dated this 6th day of January 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge